NORRIS MATTHEWS *v.* JOHN R. RICE.

The fact that the plaintiff is an infant, and purchased partly on credit from a firm apparently in straitened circumstances, does not render the sale void in law as against the creditors of the firm.

Under such circumstances, the question of fraud is one of fact, and must go to the jury.

APPEAL from judgment of Supreme Court. The action was for taking and converting a horse alleged to be the property of the plaintiff. The defendant answered, denying the principal allegations of the complaint, and averred that he took the horse as under sheriff of the county of Jefferson, by virtue of an execution issued upon a judgment in favor of one John M. Carpenter against Amasa H. Kellogg and William A. Sherwood; that at the time of taking, the horse was the property of Kellogg & Sherwood, and in their actual possession, and that the plaintiff's pretended claim of title to ownership and property in the horse was fraudulent and void.

The action was tried at the Jefferson Circuit, in April, 1858, before Mr. Justice BACON and a jury. On the trial it appeared that on the 10th of November, 1857, Kellogg & Sherwood, a firm doing business as sash manufacturers, in the village of Watertown, were the owners of a horse, harness and buffalo robe, which they had used in their business. The plaintiff, who was about twenty years old, had been for several months previously in their employment, as a journeyman, and upon settlement on that day they were found indebted to him in the sum of $22. In order to pay this sum and to secure the services of the plaintiff, they sold to him the horse, harness and buffalo robe, for $110, to be paid as follows: by canceling the indebtedness of $22, and the balance in ten monthly payments in work. The plaintiff was to work for Kellogg & Sherwood, at $15 per month, during the coming winter, and $20 per month after the spring opened. He gave them his note for the

amount, on which was simultaneously indorsed the $22 owing to him, and at the time of the trial, he had paid $80 in all, upon it. Up to the time of sale the horse had been kept in Kellogg & Sherwood's barn, and on the sale being consummated and the note given, the key of the barn was delivered to the plaintiff, and he furnished grain and hay for, and used the horse exclusively; Kellogg & Sherwood, as this proof tended to show, having nothing to do with it afterwards.

The firm of Kellogg & Sherwood was, at the time of the alleged sale, in somewhat embarrassed circumstances, though they continued to go on with their business, even up to the time of the trial. One John M. Carpenter held a note against them, which matured on the 4th of November, 1857. On the 11th November (the day after the sale) he called upon them to pay or secure the note, and offered to take the horse as security, which they declined to give, alleging that it was mortgaged to one Ludlow for $80, but saying nothing about the sale to the plaintiff.

On the 3d December, 1857, Carpenter recovered a judgment upon this note against Kellogg & Sherwood, and caused an execution to be issued thereon to the defendant, who was under sheriff of the county of Jefferson. On the 4th December, this defendant levied upon the horse in question by virtue of the execution, and took him away from the barn in which the plaintiff kept him, and put him into Carpenter's barn. The plaintiff demanded the horse of the defendant, and he refused to give him up.

After proving the purchase of the horse on the 10th November, and giving evidence tending to show an immediate delivery and a continued change of possession, and also the taking of the horse by the defendant, and his refusal to deliver him up on demand being made, the plaintiff rested; when the defendant moved for a nonsuit, on the grounds:

1st. That the sale of the horse, on time, by the debtors, Kellogg & Sherwood, to the plaintiff, knowing of their insolvency, and after having been called on for payment of the note held by the judgment creditor Carpenter, was fraudulent and void as to such creditor.

2d. That the sale of the horse under the circumstances to the plaintiff, an infant, known to have been an infant, taking his note payable in a particular kind of mechanical work, and on time, was fraudulent and void as to the creditors of Sherwood & Kellogg.

The judge denied the motion for a nonsuit; ruling and deciding that it was necessary, in order to impeach the sale, to show fraud, in fact, on the part of the plaintiff as well as the debtors, Kellogg & Sherwood. To which refusal to nonsuit, and ruling and decision, the defendant's counsel excepted.

On this motion for a nonsuit it was announced (as the fact afterwards appeared on the trial) that the defendant levied upon the horse by virtue of an execution in favor of Carpenter, as set forth in the answer in the cause.

The case states, that in the submission of the cause to the jury the judge ruled and decided the same as on the motion for a nonsuit, to which the defendant's exceptions extended.

Some evidence was then given by the defendant, and the case was submitted to the jury, under the charge of the court, which is not given, and to which no exception was taken, except in the particular above mentioned, and the jury found a verdict for the plaintiff.

On the trial Sherwood was examined as a witness for plaintiff. In respect to the Carpenter note, he testified that at the time it was given the firm had an unsettled running account with Carpenter. He was then asked this question: At the time you gave Carpenter the note did he state to you that it was an accommodation, and that when it became due he would take it up, or give an extension on it? Objected to by defendant as incompetent and immaterial; which objection was overruled, and the defendant excepted. The witness answered: He did; that was the understanding.

Judgment being perfected, the defendant appealed to the Supreme Court, where the judgment was affirmed. He now appeals to this court.

*Hammond & Bigelow*, for the plaintiff.

*E. B. Wynn*, for the defendant.

Wright, J. The only exception of any importance was to the refusal to nonsuit at the close of the plaintiff's testimony. If the judge rightly declined to withdraw the case from the jury, then the appeal is without merit. That there was no error in this respect seems very plain.

The defendant took the property in controversy under an execution issued upon a judgment recovered in December, 1857, by one Carpenter against Kellogg & Sherwood. On the 10th November previously, Kellogg & Sherwood had sold it to the plaintiff, who was an infant, partly on credit. At this time, Carpenter, whom the defendant represented, was but a simple contract creditor of the firm, not having then commenced the action in which his judgment was obtained. Conceding, however, that he was in a position to urge the invalidity of the sale, on the ground that it was made with intent to defraud the creditors of Kellogg & Sherwood, the question of fraud or no fraud was one of fact for the jury. The fact that the plaintiff was an infant, and purchased partly on credit from a firm in apparently straitened pecuniary circumstances, did not render the sale void in law as against creditors. The infancy of the plaintiff did not alter or affect the transaction, save as a circumstance bearing upon the question of fraud in fact. There is no legal bar to the right of an infant to purchase property either for cash or upon credit; and the vendor cannot avoid or retract the sale, or question its validity on the ground that the vendee is an infant, much less can a stranger impeach the sale on that ground. In this, as in other cases of a sale of chattels, its invalidity as to creditors, depends upon whether it was made with intent to defraud them. Thus, because the vendee was an infant, and bought partly on credit from vendor, unable at the time to pay all their debts, although pursuing their business, the judge was asked to withhold from the jury the question of fraudulent intent in making the sale; and hold, as matter of law, that the sale was fraudulent and void as against the creditors of the vendors.

Had the request been complied with, it would have been error. Kellogg & Sherwood had the right to sell, and the

plaintiff to purchase the property ; and if the transaction was in good faith, the latter acquired a title to it.   On the other hand if the parties intended by the sale, a fraud upon the creditors of Kellogg & Sherwood, the sale would be void as to them.   This question of fraudulent intent was for the jury and could not properly, in this case, if in any, have been withdrawn from them.

The judgment should be affirmed.

Judgment affirmed.