## SUPREME COURT.

ERASTUS W. CLARK agt. PETER A. WISE and HENRY HORTON.

In deciding cases *submitted under* § 372 *of the Code*, the court is to draw from the facts stated, such conclusions as a jury would be warranted in drawing, if the case was on trial before them. (MORGAN. J., *dissenting.—Holding that the submission under this section should present only questions of law; and where the submission involves simply a question of fact, the court is not authorized to decide it.*)

There may be cases in which a *sale by an insolvent debtor*, of all his property, real and personal, may not be fraudulent. But; as a general proposition, such a sale to a purchaser, cognizant of the vendor's insolvency, is fraudulent, as the necessary effect of it is to hinder and delay creditors.

*Decided at the general term of the Fifth Judicial District, April 7th,* 1870.

MULLIN, MORGAN *and* DOOLITTLE, *Justices.*

CASE submitted under § 372 of the Code of Procedure.

The defendant, Peter A. Wise, a manufacturer of hay elevators and forks at Stockbridge, N. Y., having become insolvent and unable to pay his debts, sold all his stock in trade and real estate and personal property, except such as is exempt from execution, to the defendant Henry Horton, for the consideration of $10,962.21, that being its full value. Horton was liable, as first indorser on two of Wise's notes, for $892.53. In the transaction, Wise handed over $859 in money, to enable Horton to pay the notes, and Horton, after deducting the amount of his indorsement, gave back Wise his own notes for the remainder of the purchase price; one third payable in six months, one third in twelve months, and the residue in eighteen months, without interest. The real estate amounted in value to $1,000. Horton's notes were perfectly good, and it was admitted that he had no

actual intent on his own part to defraud the creditors of
Wise.

This sale was on the 20th day of July, 1869, and on the
6th day of August, 1869, the plaintiff, Erastus W. Clark,
obtained a judgment against Wise, in the supreme court,
for $369.02, upon a cause of action which accrued May 5th,
1869, and upon which an execution was duly issued and
returned wholly unsatisfied. Horton knew of Wise's insol-
vency when he made the purchase. It was also admitted
that Wise afterwards fraudulently concealed and misappro-
priated a portion of the notes to his own use. The question
submitted was whether the sale by Wise was fraudulent and
void as against the plaintiff and the other creditors of Wise,
within the meaning of the statute.

EDWIN T. RISLEY, *for the plaintiff.*
IRVING G. VANN, *for the defendants.*

*By the court,* MULLIN, J.—In deciding cases submitted
under § 372 of the Code, the court is to draw from the facts
stated, such conclusions as a jury would be warranted in
drawing, if the case was on trial before them.

Cases may arise in which a sale by an insolvent debtor
of all his property, upon credit, may not be fraudulent.
But, as a general proposition, such a sale, to a purchaser
cognizant of the vendor's insolvency, is fraudulent, as the
necessary effect of it is to hinder and delay creditors.

If a failing debtor may sell on a credit of one, two, or
three years, why not on a credit of four, six or eight
years?

Who is to say that the one term of credit is honest and
fair, and the other fraudulent. Who shall draw the line
between sales on credit that do, and such as do not, hinder
and delay creditors.

If any term of credit is allowed, the parties must in every
case go before a court and jury, in order to have its validity

determined. Aside altogether from authority, the public interest is promoted by declaring all such fraudulent.

. There seems to be a conflict of opinion in the supreme court on the question. But I think the weight of authority in that court is against the validity of such sales.

It would seem that the court of appeals have decided the very question in *Mott* agt. *Shapley*, cited by plaintiff's counsel. If that case holds, as it is said by counsel that it does, it is decisive of the question.

The cases in the 31 and 34 *N. Y.*, merely hold that the question of fraud, in such cases, is one of fact for the jury, and not of law for the court. Neither holds that if the jury on the evidence, had found the sale fraudulent, it would have been disturbed by the court.

The plaintiff should have judgment declaring the sale fraudulent, appointing a receiver, and for payment of the judgment from the proceeds of the goods

MORGAN, J. *dissenting.*—In my opinion the facts contained in the statement submitted, do not render the sale fraudulent in law. The transaction will admit of an honest interpretation, and in that class of cases, the question is one of fact to be submitted to the jury, or to the court, if the trial is by the court without a jury.

Nothing is said in the statement of facts as to the intention of Wise. The fact that he afterwards fraudulently concealed and appropriated some of the notes to his own use, may be pertinent evidence to submit to the jury, to prove his original fraudulent intention, but it is not necssarily inconsistent with an original purpose on his part to convert the notes into money, and pay his debts with the proceeds.

We ought not to give a construction to the statute of frauds, which will interfere with sales when the debtor obtains a fair price for his goods, and takes securities readily convertible into money, unless the evidence shows that it

Clark agt. Wise.

was his object to convert the securities to his own use, instead of paying his creditors.

The fact that he afterwards converted them to his own use, and omitted to convert them into money to pay his debts, as they matured, would doubtless authorize the conclusion, without a satisfactory explanation, that he originally intended to defraud his creditors; but such a conclusion would be one of fact to be derived from all the circumstances of the transaction and not a conclusion of law, to be pronounced by the court.

When the transfer is in writing and the terms of it will not admit of but one interpretation and that a fraudulent one, the court may pronounce the transfer ftaudulent as a question of law. (*See Edgall* agt. *Hunt*, 9 *N. Y. R.*, 213). This, however has been denied by several judges, and may perhaps be still open to further discussion and review. (*See Griswold* agt. *Sheldon*, 4 *Comst.*, 583; *Mathews* agt. *Rice*, 31 *N. Y.*, 401; WRIGHT, *J. and Edgall* agt. *Hunt*, *supra*).

But when the transfer will admit of an honest interpretation like the case at bar, the mere fact that the debtor took notes on time, in payment for the goods sold, will not of itself be sufficient to make the sale fraudulent in law.

The case is not a proper one for this court, to base a final judgment upon, as between these parties. We are not asked to pass upon it as a *matter of fact*; and yet in my opinion it is a question which can only be determined as a question of fact, in view of all the circumstances attending the transaction, taken in connection with the subsequent contract of the parties.

The submission under section 372, should present only questions of law. I think this submission is not authorized by that section, and we cannot with propriety order judgment either for the plaintiff or defendant, as it involves simply a question of fact.

But if we are authorized to pass upon questions of fact, we should be put in possession of the evidence which is

Clark agt. Wise.

relied upon to prove the facts, and in a case of alleged fraud in the sale of property, all the circumstances attending the transaction should be set out in detail before we could safely pronounce a judgment.

In my opinion the case should be dismissed without costs to either party.

Judgment for plaintiff.