## W. O. Pate v. J. A. Marsh.

1. REAL ESTATE AGENT—*When Entitled to Commissions.*—Where an agent employed to sell real estate produces a person who ultimately buys, he is entitled to his commissions, although the trade is consummated by the owner of the property.

**Assumpsit,** for commissions. Appeal from the Circuit Court of Livingston County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

L. F. STRAWN, attorney for appellant.

A. E. HARDING, attorney for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant originally before a justice of the peace, to recover a commission fee of $50, claimed by appellant under a contract between him and appellee for selling appellee's house and lot, or for helping make the sale.

The trade with McMullen, the first customer proposed, was not consummated, and negotiations were started with one Thomas, who wanted to buy a house and lot, and after both appellant and appellee had seen Thomas about his proposed purchase, as N. Y. Green testified, appellee agreed to give appellant all his property netted over $1,200. This was on the 13th March, 1895, and on that date Pate, appellant, and Green went to see Thomas, as he testified, and recommended the property as nice, and Thomas said he had seen

the property and thought it could be bought for $1,250, and that he liked the property and would come and see appellant the next day.

On the next day Thomas received a letter from appellee, in which he proposed to sell the property to him and in which he said, " a real estate man has been trying to work a good commission out of it, but I told him it was not for sale. There is not any use of one paying $50 to make a trade, consequently if you buy you can make the trade with me. Would like to see you before I leave." The trade was made the next day, the 15th March, with appellee direct, and Thomas paid him $1,250 for the property.

It is true appellee denied this as a witness, and testified he withdrew the property from the appellant's hands, and told him he withdrew it. Here was a conflict of the evidence.

There appears to be no doubt from the evidence that appellee listed his property with appellant, for sale, and the evidence shows that appellant attempted to make the sale, and had seen Thomas together with his employe, Green, and had made a favorable impression and influenced him to some extent to purchase the property, and promised to see appellant the next day.

If appellee had not interfered by his letter, there can not be much doubt but that appellant would have made the sale, and, according to the proof, been entitled to his pay beyond question.

But just about the time he was about to succeed appellee stepped in and made the sale himself, and appropriated appellant's labors to himself. Appellee could not rescind the contract under such circumstances and appropriate appellant's labors. It would be a fraud to allow him to do so. Good faith required that appellee should allow appellant to complete the sale after he had opened negotiations. His letter clearly discloses the animus of his actions in completing the sale himself.

" Where an agent is employed to sell real estate, and produces a person who ultimately buys the property, the agent

is entitled to his commission, although the trade may have been consummated by the owner of the property." Arlington v. Carey, 5 Baxter, 609; Monroe v. Snow, 131 Ill. 126.

If the agent is the meritorious cause of the sale, though finally consummated by the owner of the realty, he is entitled to his commission. Taylor v. Parr, 52 Mo. 249; Adams v. Decker Bros., 34 Ill. App. 20.

Under those circumstances, the court, by appellee's fourth instruction, told the jury the appellant could not recover "unless it believed from the evidence the plaintiff did sell said property."

This was erroneous because appellant did not claim that he consummated the sale; he was prevented by appellee; but the sale was brought about or materially aided by appellant working under his contract with appellee, and this would entitle him to recover notwithstanding appellee interfered and prevented appellant from finishing the sale.

The fifth instruction for appellee is subject to the same objection. Then there was evidence tending to show that appellant was to be paid his commission for assisting to bring about the sale.

Appellee insists that appellant's given instructions cured those given in error for appellee. This is not always the case; only where the court can see no harm was done by the erroneous instructions. We think the error was such as likely to influence the verdict wrongfully against appellant.

The judgment of the court below is therefore reversed and the cause remanded.