L. S. OPPENHEIMER, PLAINTIFF IN ERROR, vs. S. GUCKENHEIMER AND A. S. GUCKENHEIMER, SURVIVING PARTNERS OF S. GUCKENHEIMER & SONS, DEFENDANTS IN ERROR.

Where a creditor with knowledge of his debtor's insolvency takes from him a conveyance of all, or substantially all, of his property, and more than is reasonably necessary to pay the debt due such creditor, cancels his debt in part payment therefor, and for the residue of the purchase price executes and delivers to the debtor his promissory notes payable at various future dates, mostly one year, such transaction is in law void *per se* as against other existing creditors, no matter what the real motives of the parties were, because the transaction necessarily hinders and delays such creditors in the collection of their debts. Expressions in *Wilson vs. Lott*, 5 *Fla.* 305, and *Ballard vs. Eckman*, 20 *Fla.* 661, militating against these views, disapproved.

Writ of Error to the Circuit Court for Polk county.

The facts in the case are stated in the opinion.

*Wilson & Wilson* and *Sparkman & Sparkman*, for Plaintiff in Error.

*Frank Clark, J. L. Albritton, H. H. Buckman* and *R. W. Williams*, for Defendants.

Per Curiam.

On March 29, 1892, the plaintiff in error interposed a claim to certain goods and chattels which had been taken by the sheriff of Polk county under a writ of attachment against the goods, chattels, lands and tenements of Montfort & Co., a firm composed of W. T. Montfort and J. S. Oppenheimer, sued out by defendants in error. Upon the trial of this claim proceeding in the Circuit Court of Polk county the following facts were proven: J. S. Oppenheimer was claimant's brother. On January 1, 1892, Montfort & Co. were insolvent, and the claimant was aware of that fact; Montfort & Co. were at that time indebted to claimant in the sum of $6,302.58, and claimant was security for them to the amount of $4,300 to other creditors, total $10,602.58. On that date claimant purchased of Montfort & Co., all their visible property, consisting of two separate and independent stocks of merchandise, one of dry goods, valued at $8,500; the other, groceries, valued at $3,500; notes, mortgages and accounts valued at $2,800; total $14,800; and also wagons, harness and mules, valued at $450. This last item was paid in cash; and the $14,800, was settled in the following manner: claimant cancelled his indebtedness against Montfort & Co., assumed the debts of Montfort & Co. for which he was surety; paid Montfort &

Co. the sum of $1,500 in cash, part on day of sale, balance within a few days afterwards, and executed and delivered to Montfort & Co. his promissory notes due at various future dates, mostly one year; in such sums as Montfort & Co. requested, amounting to the sum total of $2,700. There was also evidence tending to show that it was understood between claimant and Montfort & Co. at the time of the sale that the latter were to divide the cash and notes among their other creditors, and that with the cash and notes various debts of Montfort & Co. were settled at from 25 to 66 2-3 per cent. of their face value. There was also evidence tending to show that one of the notes for an amount much larger than the claim of defendants in error was sent to them, but they refused to accept it. It was proven and not denied by claimant that defendants in error were creditors of Montfort & Co. at the time of the sale by Montfort & Co., and that this indebtedness constituted the basis for the attachment suit in which the claim was interposed. The jury rendered a verdict against claimant, and from the judgment entered thereon this writ of error was taken.

Many errors are assigned upon instructions of the court, and upon rulings admitting evidence. The facts as we have stated them were not only proven by competent legal evidence, but the most of them were proven by complainant himself, and none of them were denied by him or contradicted by any other evidence in the case. We think these facts were not only sufficient to authorize, but that they imperatively demanded, the verdict rendered by the jury, showing conclusively as they did that the sale by Montfort & Co. to claimant was void as to creditors under the provisions of our statutes against fraudulent conveyances.

This being the only question involved in the case, i. e., whether the sale was void as against the creditors of Montfort & Co., and the legally proven and admitted facts showing clearly that it was, we do not think claimant was injured by any ruling of the court below, even if erroneous, as to which we express no opinion. What we do hold is that where a creditor, knowing that his debtor is insolvent, takes from him a conveyance of all, or substantially all, of his property, and more than is reasonably necessary to pay a debt due such creditor, deducting his debt in part payment therefor, and for the residue of the purchase price executes and delivers to the debtor his promissory notes, payable at various future dates, mostly one year, such transaction is in law void *per se* as against other existing creditors, no matter what the real motives of the parties were, because such transaction necessarily hinders and delays such creditors in the collection of their debts. Lehman, Durr & Co. vs. Kelly & Bro., 68 Ala. 192; Montgomery, Dryer & Co. vs. Bayliss, 96 Ala. 342, 11 South. Rep. 198; Seligson vs. Brown, 61 Texas, 180; Elser vs. Graber, 69 Texas, 222, 6 S. W. Rep. 560; Christian vs. Greenwood, 23 Ark. 258, S. C. 79 Am. Dec. 104; Seger's Sons vs. Thomas Bros., 107 Mo. 635, 18 S. W. Rep. 33; Meyberg vs. Jacobs, 40 Mo. App. 128; Oakford vs. Dunlap, 63 Ill. App. 498; Clark vs. Wise, 57 Barb. 416.

There are expressions in Wilson vs. Lott, 5 Fla. 305, and Ballard vs. Eckman, 20 Fla. 661, which would seem to militate against some of the views expressed above, and to that extent those cases are disapproved. In neither of those cases, however, was there sufficient evidence to show that the purchasing creditors had knowledge of the debtor's insolvency at the time of

their purchases. The court in both instances was considering the case of a creditor without notice, and therefore the remarks concerning a creditor with notice were not necessary to a decision of the cases.

The judgment of the court below is affirmed.