### Edward Fick v. John Mohr.

1. INSTRUCTIONS—*When Errors in, Are Cured by Others.*—Erroneous instructions are cured by others given, only when the court can see that no harm has been done by such erroneous instructions.

**Assumpsit,** for work and labor. Appeal from the Circuit Court of Cook County; the HON. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed December 4, 1900.

**Statement.**—This cause was commenced before Thomas Bradwell, J. P., by Edward Fick, the appellant, against John Mohr, the appellee, to recover a balance claimed to be due from said Mohr for wages earned by Fred Fick, a minor son of appellant. Fred Fick, aged nineteen years, and referred to as the boy, worked as a garden laborer for appellee from November 28, 1898, to June 16, 1899. Appellant obtained judgment against appellee before the justice for $67. Appeal was taken by Mohr to the Circuit Court, and there tried by a jury. A verdict was rendered in favor of appellee, and, from the judgment on that verdict this appeal is prosecuted.

No pleadings were filed below.

Fick v. Mohr.

Appellant claims on the *quantum meruit*, and appellee defends by claiming that the work was done under a verbal contract for one year's services at an agreed price for the year, and that said year's services were not performed. Appellant claims that such contract was within the statute of frauds, and therefore inadmissible as a defense

Cutting, Castle & Williams, attorneys for appellant.

J. Henry Kraft, attorney for appellee.

Mr. Justice Horton delivered the opinion of the court.

Counsel for appellant say that the contract between the parties by which it was agreed that the boy should work for appellee " was not to be performed within the space of one year from the making thereof," and was therefore within the statute of frauds. The testimony offered by appellant tends to show that the boy was not to commence until two or three weeks after the contract was made. The testimony offered by appellee tends to show that by the agreement the boy could have commenced the service at once, the day the contract was made. The question of fact thus presented must be considered as settled by the verdict of the jury, in favor of the contention of appellee. That being so, the contract is not within the statute of frauds.

It is contended by appellant that the trial court erred in giving instructions. Some of the instructions given at the request of appellee are erroneous when considered separately. They omit the necessary requisite that the boy did not terminate the service because of the fault of appellee. But in other of the instructions, in one given by each of the parties, the law in that regard is correctly stated. Erroneous instructions are sometimes cured by others which state the rule correctly.

" This is not always the case, but only when the court can see no harm was done by the erroneous instruction." Pate v. Marsh, 65 Ill. App. 482–4.

We are satisfied that no harm was done by the erroneous instructions. Taking the testimony most favorable to appellant and no verdict or judgment could properly have been rendered or entered against appellee. It does not show that appellee said or did anything which legally excused appellant from performance of said contract.

On behalf of appellant it is contended that the court erred in admitting testimony showing the amount appellee paid another party to take the place of appellant's boy. That does not constitute a reversible error. Appellee is not seeking to recover from appellant any damages by reason of the failure of the boy to work for the full term. Neither is he seeking to off-set or recoup for any such damages. His position is that appellant (by his boy) failed to perform the contract for one year's services, and that therefore he can not recover on the *quantum meruit* for that portion of the service which was rendered. We see no error in the refusal of instructions, but do not consider it necessary to consider them at length.

The errors by the trial court are not such as would justify a reversal of the judgment in this case, and it is therefore affirmed.