# CONSUMERS GROCERY & MEAT COMPANY v. N. COMENSKY, Appellant.

### Division One, June 8, 1923.

1. **SALE: Terms of Contract: Reference to Another: Definite.** Where the contract stated that the seller had sold to the buyer "600 bags of Godchaux sugar against my contract with Godchaux Company," the contract between the seller and the Godchaux Company must be read into the contract between the buyer and seller; and when that is done if the terms of the contract of sale become firmly fixed its enforcement will not be denied on the ground of indefiniteness.

2. ————: ————: **Date of Delivery.** Where the contract for the sale of goods does not definitely fix the date of delivery, the law by implication fixes a reasonable time, dependent upon the nature of the transaction.

3. ————: ————: ————: **F. O. B. Cars St. Louis.** A contract for the sale of six hundred bags of sugar "to be delivered on arrival f. o. b. cars, St. Louis" fixes a time and place of delivery: time, on arrival f. o. b. cars; place, St. Louis.

4. ————: ————: ————: ————: **As Affected by Reference to Seller's Contract.** Where the contract, dated December 30th, stated the seller had sold to the buyer "600 bags of Godchaux sugar against my contract with Godchaux Company, to be delivered on arrival f. o. b. cars, St. Louis," and the seller's contract with the Godchaux Company declared that said company had "sold" to the seller 3600 bags of sugar and provided for shipment of "600 bags each, January, February, March, April, May and June," the contract between the seller and buyer was not indefinite as to time of delivery because it did not declare which of the Godchaux shipments was to be used to make delivery to the buyer, but the time of delivery ran from January to June; and the evidence showing that the Godchaux Company made full delivery to the seller in the months mentioned, that the buyer requested delivery each month from January to May, and that the seller in May refused to deliver, there is no substance in the seller's contention that the time of delivery stated in the contract was too indefinite to be enforced.

5. ————: **Cancellation of Contract: Appellate Practice.** The evidence on the pleaded defense that the buyer and seller mutually

agreed to cancel the contract being contradictory, the finding of the jury is final on that issue.

6. ———: **Ability to Perform Contract.** It is not the law that the buyer, in order to recover damages for the breach by the seller of their contract for the sale of goods, must prove his ability to pay for them, where no such defense is pleaded, and the buyer alleges and proves the seller's refusal to perform, and that the seller by such refusal actually prevented performance by the buyer. On the contrary, the law is that, where the buyer alleges and proves that the seller prevented performance, it is to be taken as prima-facie true that the buyer would have performed if the seller had not prevented performance.

7. ———: ———: **Evidence: Dishonored Check.** Where the buyer's inability to perform the contract for the sale of goods is not pleaded by the seller as a defense to the buyer's action for damages for its breach, it is not error to exclude a check given by him which was not honored by the bank. Absent such defense, his ability to perform will be assumed.

Appeal from St. Louis City Circuit Court.—*Hon. William A. Taylor,* Judge.

AFFIRMED.

*Anderson, Gilbert & Wolfort* for appellant.

(1) The alleged contract is so indefinite that there is no meeting of the minds and the contract is unenforceable. The contract specifically provided that it was against Comensky's contract with Godchaux, and under Godchaux's contract six hundred sacks were to be shipped each month commencing with January. The contract sued on does not specify which six hundred sacks were to be delivered, and is therefore so indefinite that the court cannot tell which six hundred sacks the parties had in mind. A contract must be so definite that the subject-matter can be identified, and if indefinite it is unenforceable. The secret intention of the parties cannot be imparted into contracts whose terms are plain, and do not express it. Gloeckner v. Kittlaus, 192 Mo. 477; Price v. Atkinson, 117 Mo. App. 52; Cold Blast

Transp. Co. v. Bolt & Nut Co., 114 Fed. 75; Northrup v. Colter, 150 Mo. App. 646; Johnson v. Fecht, 185 Mo. 335, 345; Mason v. Small, 130 Mo. App. 252; Price v. Wiesner, 111 Pac. 439; Wineburgh v. Gay, 150 Pac. 1003; Buckmaster v. Consumers Ice Co., 5 Daly's Rep. 313; Watt v. Wisconsin Cranberry Co., 18 N. W. 898; Oakland Motor Car Co. v. Indiana Automobile Co., 201 Fed. 499; Alabama Mineral Land Co. v. Jackson, 121 Ala. 172; Radzinski, Adm., v. Ahlswede, 185 Ill. App. 517; Erwin & Williams v. Erwin, 25 Ala. 236. (2) As the writing is incomplete and does not identify the subject-matter, or provide any means by which it may be identified, the contract cannot be pieced out by parol. Reigart v. Coal Co., 217 Mo. 142, 160; Meramec Co. v. Kreis, 261 Mo. 160, 169; Anderson v. Hall, 273 Mo. 307, 313; Johnson v. Fecht, 185 Mo. 335, 345; Ringer v. Holtzclaw, 112 Mo. 519; Mason v. Small, 130 Mo. App. 249. (3) Even if plaintiff had been entitled to recover on a valid contract, it is not entitled to recover in this case because no proof was offered to show that plaintiff was able to go on with its agreement. To recover, plaintiff must prove its ability to pay. Cook v. Salisbury, 225 S. W. 113; Lombard v. Sills, 170 Mo. App. 558; Hayden v. Grillo, 35 Mo. App. 655; Brown v. Lee, 192 Fed. 820; Grady v. McCleese, 47 N. C. 145; Lassen v. Mitchell, 41 Ill. 101. (4) The court erred in refusing to permit the defendant to show that checks given the defendant by the plaintiff had been returned for insufficient funds. Where property is sold for cash, title does not pass unless cash is paid and if on previous transactions plaintiff had not made payments as agreed, defendant is justified in refusing further deliveries. Wright v. Miss. Valley Trust Co., 144 Mo. App. 64; Boyd v. Bank of Mercer County, 160 S. W. 587; Ohio Valley Buggy Co. v. Anderson Forging Co., 81 N. E. 574; Peters Grocery Co. v. Collins Bag Co., 55 S. E. 90. (5) Instruction 2 does not follow the contract alleged in the petition, but permits recovery on a modification. Where recovery is sought upon the contract recovery cannot be had upon a contract which was subsequently modified unless the

modification is pleaded. Koons v. Car Company, 203 Mo. 259; Mt. Vernon Car Mfg. Co. v. Hirsch Rolling Mill Co., 227 S. W. 74; Ostrander v. Messmer, 223 S. W. 442; Roaring Fork Potato Growers v. Clemons, 193 Mo. App. 658; Tausig v. Mill & Land Co., 124 Mo. App. 220. Nor does the proof or instruction of plaintiff follow the petition in that the petition alleges there was only one kind of sugar, while the undisputed evidence shows more than one.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

(1) The plaintiff pleaded a contract. The defendant admitted it expressly, did not plead the Statute of Frauds or deny the existence of the contract. After thus taking that position in the lower court the appellant cannot be permitted to change front and now allege that there was no contract. The Statute of Frauds goes only to the remedy and may be waived by defendant, and where defendant admits the contract but seeks to avoid its effect under the Statute of Frauds he must expressly plead the statute in his answer, otherwise the defense is waived. Maybee v. Moore, 90 Mo. 340; Martin v. Ray County Coal Co., 288 Mo. 241; Ranck v. Wickwire, 255 Mo. 58; Robsuhl v. Lack, 35 Mo. 316; Gardner v. Armstrong, 31 Mo. 535; Graff v. Foster, 67 Mo. 512; Randolph v. Friek, 50 Mo. App. 275; Newirth v. Engler, 83 Mo. App. 420; Mathews v. Wallace, 104 Mo. App. 96; Moormeister v. Hannibal, 180 Mo. App. 717. Even if the issue of indefinite contract was in the case the court would be bound to hold the contract valid. New England Wool Co. v. Standard Worsted Co., 165 Mass. 328. There was no difference in the sugar, but if there had been it would not avail defendant, because plaintiff was ready to accept either kind, and the contract gave defendant an option to deliver either kind of sugar. Brugess Sulphite Fibre Co. v. Broomfield, 180 Mass. 283. (2) The third proposition presented by appellant's brief is that there was no proof tending to show that plaintiff

was able to buy and pay for the sugar. Such an issue is not involved in this case under the pleadings or under the proof, because both the pleading and proof proceed upon the theory that the contract had ceased to exist, and defendant refused to perform it. In other words, the case proceeds upon the theory that the defendant breached his contract and the undisputed testimony tends to show that defendant was in default, breached his contract, and under such circumstances plaintiff's cause of action accrued, and it was no part of the cause of action to prove ability to perform. Under such circumstances the ability to perform is presumed and proof of ability is not required. When it is alleged and proved that defendant has refused to perform on his part, and has actually prevented performance by plaintiff, then readiness to perform need not be shown. Kent v. Addicks, 126 Fed. 112; Lonsdale v. Brown, 15 Fed. Cas. No. 8493; Christy v. Stafford, 123 Ill. 463; Moore v. Hopkins, 15 La. Ann. 675; Cowley v. Davidson, 13 Minn. 92; Kupfer v. McConville, 35 N. D. 622; Thomas v. Matthews, 94 Oh. St. 32, L. R. A. 1917A, 1068; Baker v. Haswell, 36 Okl. 429; Pinjus v. Hamaker, 11 Serg. & R. 200; Burns v. Welch, 8 Yerg. 117; Tiernan v. Napier, 5 Yerg. 410; Gulf Railroad Co. v. Dennison, 22 Tex. Civ. App. 89; Wilbot v. McGillicuddy, 3 La. 382; Howell v. Gould, 2 Abb. Dec. (N. Y.) 418, 3 Keyes, 422; Chicago House Wrecking Co. v. James H. Rice Co., 67 Ill. App. 686; 13 Corpus Juris, sec. 953, p. 763; Dobbins v. Edmonds, 18 Mo. App. 307; Pullman v. Corning, 9 N. Y. 93; Levy Motor Co. v. City Motor Cab Co., 174 Ill. App. 20.

GRAVES, P. J.—Action for damages for an alleged breach of contract. Plaintiff charges that defendant sold to it 600 bags of Godchaux sugar, at $15 per bag or sack, to be delivered "on arrival f. o. b. cars, St. Louis." Plaintiff avers that there is but one grade of Godchaux sugar. It also charges that defendant breached the contract and refused to deliver the sugar. That sugar advanced in price, and that plaintiff was damaged in the

sum of $9,000, by reason of said breach of the contract. The contract, purports to be dated December 30, 1919, and reads:

"Sold to Consumers Gro. Co. 600 Bags of Godchaux sugar against my contract with Godchaux Company. Sugar to be delivered on arrival f. o. b. cars, St. Louis at $15 per sack, net cash.

"N. COMENSKY,

"JOHN PAZDERA, JR."

Pazdera was the purchasing agent for plaintiff corporation. The contract with Godchaux Company referred to in the above contract reads:

"Buyer's Copy

"Godchaux Sugars, Inc.

"Date St. Louis, Mo., Nov. 20, 1919.

"Sold to N. Comensky Grocery Co.

Address St. Louis, Mo.

Terms: Cash Net.

"Ship to N. Comensky Gro. Co.,

Destination St. Louis, Mo.

Routing.........................

"Delivery complete on receipt of goods by carrier. This purchase to be paid for at contract price and no allowance will be made for decline in market. This contract is contingent on strikes and accidents and other delays beyond seller's control.

"All additional import·duties, excise or other taxes, hereafter levied on the raw or refined sugar necessary to fill this contract at buyer's expense in addition to price specified.

| "Packages | Grade | Price | Remarks |
|---|---|---|---|
| | | | No guarantee against a decline |
| "3600 bags | cane granulated | 13 1/2 | Sellers privilege to f. o. b. ship either bone black factory or nonbone black granulated. |

"Shipment 600 bags each, Jan. Feb. March, April, May & June.

"Sold by S. W. FROLICHSTEIN,
Broker.

"When referring to this order please mention Broker's No. 59."

By answer the defendant (1) admits the sale of the sugar as stated by plaintiff (a) that said sale was on or about December 30, 1919, (b) avers that their said agreement of sale contained the following clause:

"Against my contract with the Godchaux Company. Sugar to be delivered on arrival, f. o. b. cars, St. Louis, at $15 per sack, net cash."

After the foregoing admissions the answer proceeds (2) a general denial of all other allegations of the petition, and (3) a plea in this language:

"For a further and separate answer and defense defendant states that the contract between the Godchaux Company and defendant, referred to in the aforesaid contract of sale between plaintiff and defendant, was as follows, to-wit: [This contract is set out above.]

"And defendant further states that at the time plaintiff agreed to buy said sugar from the defendant the plaintiff was not aware of the terms and conditions of the contract between the Godchaux Company and defendant as aforesaid, and defendant further states that plaintiff, either on the same day or the next day after said contract of sale was made, and after being informed of the terms of the contract between the Godchaux Company and the defendant, then and there refused to be bound by its contract with the defendant, the plaintiff declaring that it was not satisfied with the terms of the Godchaux contract which provided that the sellers have the privilege to ship to the defendant either bone black or non-bone black granulated sugar; that the plaintiff offered to rescind its contract for said sugar with the defendant, which offer of rescission was accepted by this defendant, and by mutual agreement said contract was canceled and then and thereby became of no force and effect; that said contract was breached by the plaintiff and not by the defendant, as alleged in plaintiff's petition, and

299 Mo.—4.

defendant states that because and by virtue of the plaintiff's refusal to be held to said contract and the cancellation of said contract by plaintiff the defendant did not make any delivery of said sugar.

"Wherefore, by reason of the foregoing premises, defendant asks to be discharged with his proper costs."

Reply was general denial. Upon a trial before a jury the plaintiff obtained a verdict for $8400, upon which judgment was duly entered, and from such judgment this appeal was taken. Details will be given in connection with the points made.

I.   The first contention is that the contract is so indefinite that it is unenforceable. In considering this it should be said that the contract between Comensky and the Godchaux Company must be read into the contract between plaintiff and defendant. This because of the reference thereto in the contract between the parties to this suit. The only thing not firmly fixed by the contract between plaintiff and defendant is the date of delivery. In considering this point we should also consider defendant's answer. The first part of the answer is:

Indefiniteness: Date of Delivery.

"Comes now the defendant, by leave of court first had and obtained, and for his answer to plaintiff's petition herein, admits that on or about the 30th day of December, 1919, he agreed to sell to plaintiff herein six hundred bags of Godchaux sugar, as alleged by said plaintiff, said agreement containing the following provision: 'Against my contract with the Godchaux Company. Sugar to be delivered on arrival, f. o. b. cars, St. Louis, at $15 per sack, net cash.'

"Further answering, defendant denies each and every other allegation in plaintiff's petition contained and set forth."

The remainder of the answer we have quoted in full, supra. We have, therefore an admission of the contract of sale, but no plea that the contract was void because it was too indefinite. The real defense in the answer

was that by agreement of parties to the contract they rescinded the same. It is true that when testimony was offered by plaintiff the defendant objected to the introduction of any evidence:

"On the ground that the petition does not state sufficient facts to constitute a cause of action, because it doesn't set forth the time when the sugar was to be delivered, and it doesn't state the date when the contract was breached."

When the contract was introduced in evidence defendant offered no objection to it. In the first place the fact that the time of delivery was omitted from the contract does not invalidate the contract or make it void on the ground of being too indefinite. The law reads in to such contracts a reasonable time. [6 R. C. L. sec. 283, p. 896; Consumers' Bread Co. v. Flour Mill Co., 239 Fed. l. c. 697.] In this case it is said:

"When no time is fixed for performance of a contract for the sale of goods, the law by implication fixes a reasonable time. What that will be depends upon the nature of the transaction. [Sedgwick on Damages, sec. 737.] The same principle ought to control when parties by mutual concessions have carried the time of performance beyond that fixed by the contract. The law would then allow to each party a reasonable time, depending upon the terms of the contract, and the other circumstances of the case."

From the foregoing it will be seen that the mere omission of an exact date of performance in a contract does not make the contract void, on the ground that it is too indefinite. Into such contracts the law reads a reasonable time.

In addition it should be said that when we read the two contracts together, as we must, a time and place for delivery is fixed. The Godchaux contract provided for 600 bags each in January, February, March, April, May and June. The Comensky contract, after referring to the Godchaux contract, provides: "Sugar to be delivered on arrival f. o. b. cars St. Louis." Here both time and

place of delivery is fixed—time, on arrival f. o. b. cars; place, St. Louis.

Appellant contends that the contract should have specified which Godchaux shipment was to be used to fill the contract. It is clear, from the contract, the plaintiff was to get 600 bags of the sugar covered by the Godchaux contract. The time of delivery ran from January to June, both inclusive. On or between those dates the plaintiff was entitled to a delivery. It tried to get a delivery each month from January to May, both inclusive. Up to May defendant made sundry excuses for non-delivery, all of which were simple prevarications according to other evidence. The other evidence tended to show that Godchaux made full delivery of all the sugar to defendant, and practically upon the dates mentioned in their contract. We rule that there is no substance in the first contention of defendant, he having refused to proceed with the contract in May. Prior to that plaintiff insisted upon delivery and defendant postponed by divers excuses, but never refusing to perform until May.

II.   Nor is there substance in the contention that the plaintiff and defendant agreed to cancel the contract. Upon this the evidence is contradictory, Cancellation. and the finding of the jury fixes the fact that there was no such agreement to cancel or rescind. This may have been an afterthought upon the part of defendant as the price of sugar soared skyward. The jury was so impressed.

III.   The next contention is that plaintiff cannot recover because there was no proof offered to show that plaintiff was able to go on with its agreement. In other words it is said that plaintiff must prove its ability to pay in order to recover in this action for damages based upon a breach of the contract by defendant. In support of this contention we are cited to cases where real estate agents are suing for their commission alleging a failure to complete a sale which the agent avers he made to a third party. In such

cases there must be a showing that the proposed purchaser was not only willing to buy, but that he was able to buy. A sample of the cases cited are: Cook v. Salisbury, 255 S. W. l. c. 113; Lombard v. Sills, 170 Mo. App. l. c. 558; Hayden v. Grillo, 35 Mo. App. l. c. 655.

We have no fault to find with the rule in such cases, but they have no application here. The rule precludes real estate agents from procuring mere straw men to agree to a purchase, and then compel the landowner to pay a commission if he refuses to contract with and sell to such a character. The case at bar does not fall within the rules of those cases. Here the parties contract directly and between themselves. Each is supposed to know the other, and their respective abilities to perform. In addition to all this, no such issue is presented by the pleadings. The defendant contents himself by pleading a rescission of the contract. The fact that there is no pleading to authorize this issue should suffice. [Kersey v. Garton, 77 Mo. l. c. 647.] There are cases which rule that to ask damages for non-performance the party must show a readiness and ability to perform, and in 9 Cyc. 760, it is stated:

"Neither party to a contract can maintain an action for damages for its violation, without showing a readiness and ability to comply with his own engagements under the contract, unless the averment of these matters is not denied by the defendant, or it be alleged and proved that the defendant has refused to perform on his part, and has actually prevented performance by the plaintiff."

The latter clause fits the case at bar. Defendant's refusal to perform his contract was shown by the evidence and found by the jury. This refusal was alleged and proven by plaintiff. From January to May the plaintiff was demanding the sugar, and finally in May the defendant precluded plaintiff of further attempts to fulfill the contract upon its part, by flatly refusing to perform its part. In such case it is to be assumed that the plaintiff would have performed his part of the agreement by paying for

the sugar under the contract. In Kersey v. Garton, 77 Mo. l. c. 647, it is said:

"There is no error in the declaration of law which excluded all evidence in relation to the title of the land concerning which the suit in ejectment was brought. The answer was simply a general denial. If the defendant, in the circumstances of this case, could have raised such an issue, a point not necessary at present to be determined, he could only have done so in the legitimate way, i. e., in his answer. If he had no title to the land; if the action brought at his instance, would not have proven ultimately successful, this was a matter of defense, to be specially pleaded, the rule of the code in such cases being this: 'Whenever a defendant intends to rest his defense upon any fact which is not included in the allegations necessary to the support of the plaintiff's case, he must set it out.' [Northrup v. Mississippi, 47 Mo. 435; Bliss Code Plead. sec. 352.] As the act of the defendant prevented performance, it is to be assumed that the service would have been performed as agreed upon. [McElhinney's Case, supra.] Therefore, judgment affirmed."

This was a case wherein an attorney brought suit for his contract fee, because the defendant had precluded him from fulfilling his contract by dismissing the suit. In Levy and Hipple Motor Co. v. City Motor Cab Co., 174 Ill. App. l. c. 24-25, the doctrine is so clearly announced that we quote at some length, as follows:

"It seriously and forcibly argues that appellee failed to prove 'that at the appointed time it was ready, able and willing to both sell and deliver the goods as agreed, or that it was prevented from doing so by some act of appellant which in law constitutes "prevention." ' We fully agree with the statement that one or the other of those propositions must be shown to have been proved legally before appellee can recover. We are clearly of the opinion, however, that the evidence establishes the latter of said two propositions. Where one party to a contract shows that the other party has deliberately made it impossible for the contract to be performed by some

act of his done prior to the time that performance was to be made or had, such act in law amounts to a prevention of performance. It is also the law that where one contracting party can show that the other prevented his performance of the contract, it is to be taken as prima-facie true that he would have accomplished it if he had not been so prevented. [McCreery v. Green, 38 Mich. 172; Kersey v. Garton, 77 Mo. 645; United States v. Peck, 102 U. S. 64; Marvin v. Rogers, 53 Tex. Civ. App. 423; Norcross v. Wills, 130 App. Div. (N. Y.) 470; Lake Shore & M. S. Ry. Co. v. Richards, 152 Ill. 59; Calkins v. Williams, 36 Ill. App. 500; Pate v. March, 65 Ill. App. 482; Monroe v. Snow, 131 Ill. 126; Moses v. Bierling, 31 N. Y. 461.]

"From the foregoing authorities may be deduced the rule that when one party stipulates that another shall do a certain thing he thereby impliedly obligates himself to do nothing which may hinder or obstruct that other in doing the thing agreed."

There is no substance in the third contention of defendant.

IV. As a fourth contention appellant says that the trial court refused evidence tending to show that a check was given him by plaintiff which was not honored by the bank. This it urges was error. The court Dishonored was right for two reasons: (1) because such Check. evidence goes to the matter of plaintiffs' inability to perform, and there was no pleading making such issue (Kersey v. Garton, supra), and (2) because absent such defense the court will assume the ability of the party to perform his part of the contract. See cases under point three of this opinion.

V. The last contention is that there was error in giving instruction numbered 2 for plaintiff, which instruction is as follows:

"If you believe that after the contract was made, the plaintiff, on various occasions, requested delivery of the

sugar, and that defendant did not when said requests were made notify the plaintiff that he would not perform the contract, but on each occasion stated **Modified Contract.** to plaintiff that he would make delivery in the near future, and if you believe that the plaintiff agreed to wait until such time as defendant promised he could deliver the sugar, and if you further believe that in the latter part of May, 1920, the defendant, in response to a request that the sugar be delivered, then and at that time notified plaintiff that he would not perform the contract and for the first time refused to perform it, and if under the evidence you believe plaintiff is entitled to recover, then you should ascertain and determine from the evidence the market value of 600 bags of sugar in St. Louis at the time the defendant refused to perform said contract and so notified plaintiff, and if you find that on that date the market value of the 600 bags of sugar in St. Louis was higher than the contract price of $15 per bag, then you should allow the plaintiff the difference between the market price and the contract price of the said 600 bags of sugar.''

It is urged that this instruction is upon a modified contract, which modified contract was not pleaded. We do not so view it. The evidence shows that plaintiff was continually demanding the sugar, but was placated by defendant by the false statements that the sugar had not reached him from Godchaux. The contract was not changed by plaintiff's conduct. The instruction does not rely upon a changed contract, but unnecessarily recites the reasons for the delay in delivery. The delay as we have said was occasioned by false statements to the effect that the sugar had not arrived. Its arrival was the only time at which delivery could be made, and the contract so reads.

Upon the whole, this case was well tried and should be affirmed. It is so ordered. All concur.