By the Court. Duer, J.
There is no sounder- maxim in the interpretation-of-a contract in writing than that effect must be given, if possible, to every clause, and no words be rejected, as unmeaning or superfluous, to which a- consistent meaning may be attached—verba aliqwid operand debent. And the rule is especially applicable when amew clause is introduced into a contract, which, as in the case of a policy of insurance, has an established form and settled construction. The presumption is, then, not to be resisted that the clause was designed to vary the usual construction, and to effect a particular object, which could not otherwise be attained. It is true the clause may be so framed as to express no more than, in its absence, the law would imply, but we apprehend that this narrow construction can only be adopted when the words are not susceptible of a different and wider application.
*462 In the case before us the words in the contract endorsed upon the policy, “ free from loss,” &c., “ by leakage,” &c., it construed as referring only to losses from a leakage, not caused by a peril insured against, are wholly useless. If construed in this limited sense, they might as well be expunged from the policy, since it is quite certain, and is not denied, that for losses resulting from ordinary leakage, the underwriters, under the policy in its usual form, are not, and never have been held to be, liable. The clause has, therefore, no operation at all, unless understood in a sense as broad as its terms import, namely, as freeing the underwriters from all liability for losses of which leakage is the proximate cause, whatever may be the cause by which the leakage is itself occasioned, and, consequently, although occasioned by a peril insured against. It is wholly inoperative, unless the words create an exception from the general terms of the insurance, and exempt the underwriters from losses for which they would otherwise be liable.’ Hence it is this construction that we hold ourselves bound to adopt, nor do I at all doubt that it corresponds entirely with the real intention of the parties.
The clause in the memorandum part of the policy, declaring that the Company is “ not liable for leakage on molasses or other liquids, unless occasioned by stranding or collision,” is probably superseded by the more general words in the contract endorsed upon the policy. Yet, as throwing a clear light upon the true interpretation of those general words, it may with great propriety be referred to. Stranding and collision are certainly perils insured against. And the exception of these particular perils was manifestly needless, unless the declaration that the Company was not to be liable for leakage, it was understood would embrace them; in other words, unless by leakage was meant a leakage occasioned by any and every peril insured against. The words, “ not liable for leakage,” and “ free from loss by leakage,” have exactly the same meaning.
The reasons that have induced the insurance companies of late years to exclude entirely the risk of leakage, are doubtless those which were clearly stated by the counsel for. the defendants. There is a practical difficulty in determining, in many cases, whether a leakage, from which a loss is claimed, was *463 merely ordinary, or was caused, in whole or in part, by a peril insured against; and when the controversy is whether the loss shall be borne by an individual or a corporation, juries are not much inclined to make the necessary distinction. The experience of the underwriters has probably convinced them, that, to secure the protection which the law gives them against losses from ordinary leakage, the risk must be wholly excluded.
The cases and authorities to which we were referred, on the argument, by the counsel of the plaintiff, have no application to the case before us; they only prove that when there is no special clause in the policy excluding the risk, and leakage is shown to have been caused by a peril insured against, the underwriters are liable for a resulting loss. If such were not the law a special clause to exclude the risk would not be necessary, and it is because such is the law that the clause has been introduced.
When a controversy is submitted under the Code, the court, at general term, can only determine the questions of law arising upon the facts agreed upon by the parties, and the only question of law arising upon the statement of facts in this case, in our opinion, is the question of- construction, which we have considered and decided. The fact that the whole loss now sought to be recovered, with the exception of the five boxes carried overboard, was a loss from leakage in the proper and usual sense of the term, although the leakage was itself occasioned by a peril insured against, we understand to be distinctly admitted. Indeed, unless this admission was intended to be made, the controversy ought not to have been submitted at all, and, unless it is made, there is no question of law that we can be required to determine.
At any rate, we must give our judgment upon the statement as we construe it, since we have no power to vacate the submission, or refer the facts to the determination of a jury. (Laing v. Ropke, 1 Duer, 702, 3.)
Our decision is, that the plaintiff is entitled to judgment only for the sum of $131.57, the admitted value of the five boxes carried overboard, and that the defendants, having offered to allow judgment for that sum, are entitled to their costs.