ERASTUS W. CLARK, Respondent, *v.* PETER WISE et al., Appellants.

A case submitted under section 372 of the Code should present only questions of law.

Where all the facts upon which the controversy depends, and which are necessary to give ground for a conclusion of law are not stated, the court cannot pronounce the judgment desired.

The case submitted presented the following facts: Defendant, an insolvent, assigned all his property, real and personal, to H., an indorser, upon his paper, receiving good notes for the full value of the property, less the amount of the indorsements, payable in six, twelve and eighteen months.

*Held,* that from these facts the law would not of necessity conclude an actual fraudulent intent. But the question whether the transfer was fraudulent or not was one of fact remaining in dispute. Proceedings therefore dismissed.

(Submitted November 15, 1871; decided December 12, 1871.)

APPEAL from judgment of the General Term of the fifth judicial district, in favor of the plaintiff, rendered upon a case submitted under section 372 of the Code. (Reported below, 57 Barb., 416.)

The facts stated in the case are substantially as follows:

The defendant, Peter A. Wise, a manufacturer of hay elevators and jacks at Stockbridge, New York, having become insolvent and unable to pay his debts, sold all his stock in trade and real estate and personal property, except such as is

exempt from execution, to the defendant, Henry Horton, for the consideration of $10,962.21, that being its full value. Horton was liable as first indorser on two of Wise's notes for $892.53. In the transaction Wise handed over $859 in money, to enable Horton to pay the notes, and Horton, after deducting the amount of his indorsement gave back Wise his own notes for the remainder of the purchase-price, one-third payable in six months, one-third in twelve months, and the residue in eighteen months, without interest. The real estate amounted in value to $1,000. Horton's notes were perfectly good, and it is admitted that he had no actual interest on his own part to defraud the creditors of Wise.

This sale was on the 20th day of July, 1869, and on the 6th day of August, 1869, the plaintiff, Erastus W. Clark, obtained a judgment against Wise in the Supreme Court for $369.02 upon a cause of action which occurred May 2, 1869, and upon which an execution was duly issued and returned wholly unsatisfied. Horton knew of Wise's insolvency when he made the purchase.

It is also admitted that Wise afterwards fraudulently concealed and misappropriated a portion of the notes to his own use.

The question submitted is, whether the sale by Wise is fraudulent and void as against the plaintiff and his other creditors within the meaning of the staute.

*H. N. Warner*, for appellants. Fraudulent intent a question of fact, and not of law. (2 R. S., 142.) The notes were good and collectible. (*Scheitlin* v. *Stone*, 43 Barb., 634; *Matthews* v. *Rice*, 31 N. Y., 457; *Bedell* v. *Chase*, 34 id., 386.)

*Edwin H. Risley*, for respondent. The sale was fraudulent, being made with intent to hinder and delay creditors. (3 R. S., 5th ed., 224, § 1; *Browning* v. *Hart*, 6 Barb., 91; *Cook* v. *Smith*, 3 Sandf. Ch., 333; *Vance* v. *Phillips*, 6 Hill, 383; *Downing* v. *Kelly*, 49 Barb., 547; *Niles & Mott*, or *Mott & Niles*, v. *Shapley*, Court of Appeals, unreported case, decided October 29, 1849; *Cunningham* v. *Freeland*, 5 Paige,

564; 9 Johns., 100; 1 Cow., 240; 3 Sandf., 692; *Nicholson* v. *Leavitt,* 6 N. Y., 517, of opinion.) The General Term were right in holding the sale fraudulent, upon the facts admitted. (*Edgal* v. *Hart,* 9 N. Y., 213; *Mott* v. *Shapley, supra,* Judge GRAY's opinion, pp. 47, 48, of case; 17 N. Y., 417; 2 Seld., 515; 12 Barb., 168, and cases cited; 24 N. Y., 632, opinion; 43 Barb., 456, opinion; 2 id., 9; 15 Mass., 459, 415; *Nicholson* v. *Leavitt,* 6 N. Y., 510; *Bullock* v. *Post,* 12 Barb., 168; *Rathbun* v. *Platner,* 18 id., 272; *Scheitlin* v. *Stone,* 43 id., 643, divided court; *Matthews* v. *Rice,* 31 N. Y., 457; *Bedell* v. *Chase,* 34 id., 386.)

FOLGER, J. This is a submission, without action, under section 372 of the Code of Procedure. As by that section, the parties to the question in difference are required to agree upon a case, containing the facts upon which the controversy depends, it follows that the court is to determine nothing but the questions of law arising upon the facts thus presented. (*Neilson* v. *Com. Ins. Co.,* 3 Duer, 455.) See also, the first report of commissioners of practice and pleading to the legislature (1848, p. 233). "This provision," they say in the comment upon the proposed section 325, which agrees *verbatim* with the present section 372, "it is believed, will be useful in many cases where a question as to a legal right exists between fair and honorable men, *there being no dispute about the facts."* In the statement of facts in this case however, there is no agreement of what was the actual mental intent of the defendants, or either of them, in the transfer of the property from Wise to Horton. But such intent is to be found as a question of fact (2 R. S., 137, § 4; *Matthews* v. *Rice,* 31 N. Y., 457; *Vance* v. *Phillips,* 6 Hill, 433); and is to be determined as such only by the jury.

It must be then, as the court cannot find the intent as a matter of fact, that the only question presented which the court can decide is, whether from the facts not in dispute, the law will of necessity conclude an actual fraudulent intent. We are of the opinion that it will not. We do not say that

a jury may or may not from the facts agreed upon, find that there did exist a fraudulent intent. But it would be erroneous to instruct a jury that, upon the proof of the facts here agreed upon and no other, they were shut up to that verdict.

It follows, that the parties have not agreed upon all the facts upon which the controversy depends, and which are necessary to give ground for a conclusion of law. A case is not presented in which there is "no dispute about the facts." The very vital fact is in dispute. The court cannot pronounce the practical judgment desired by the parties, of whether the sale and transfer was or was not in fact, fraudulent and void.

The result would be, that if we were to give a final judgment, it would be against the plaintiff and in favor of the defendants. But this might preclude the plaintiff from any trial of an action in which the fact here lacking might be established perhaps, in his favor. So it seems most just and proper, while it is legal, to reverse the judgment of the court below and to dismiss this proceeding.

All concur. Judgment accordingly.