Forger, J.
In these cases of a submission of a controversy without action, the court is confined to the facts agreed upon, and can make no inferences, or in any way depart from . or go beyond the statement presented. (Clark v. Wise, 46 *490 N. Y., 612.) Hence the admission that, when the Bloomingdale road and Apthorp’s lane shall have been closed by law, the title to the abutting half of each of them will revert to the Fearing estate, is of controlling effect. It is an admission which involved questions of law ; but, as it is stated in the case, and for all the purposes of the submission, it is a statement of a fact. It leaves no question of law for the court but this: Bid the passage by the legislature of the act of 24th April, .1867, and the action under it of the commissioners of the Central Park, close, by law, the road and the lane ? The legislature had power to pass an act for closing streets in the city of Hew York. (People v. Kerr, 27 N. Y., 188; Darlington v. Mayor, etc., 31 id., 164; see also Kellinger v. Forty-second St. Railroad, 50 id., 206.) It had the power to effect the closing through such local officers or municipal board or organization as it should choose, and could prescribe the particular action thereof which should work the result.
It cannot be successfully questioned that the act of 1867 is so far incompatible with chapter 623 of the Laws of 1838 as that the power of the common council over the Bloomingdale road is supplanted by that of the commissioners of Central Park. Hor can it be doubted that the act of 1867, and the proceedings of the commissioners of Central Park under it, have been effectual to close the roa’d and the lane.
It is objected, however, that the act is not constitutional, for that it does not provide compensation for those who are deprived of a right of way through the road and the lane. They were public roads; and it is said, owners of land adjoining a public road, have a right of property in going to and from their premises over it. This court has held, however, that, though one public way to property is closed, if there is another left, the property owner sustains no actionable damage. (Coster v. Mayor, etc., 43 N. Y., 399.) It is quite plain, from the diagrams shown, that there is a public way left to all parts of this property. (See, also, People v. Kerr, supra.)
As to the other points made upon the argument by the *491 learned counsel for the appellants, there is not room for them in the case; the admission of fact shuts them out.
It follows that the judgment appealed from should be affirmed.
All concur.
Judgment affirmed.