THOMAS H. MAYHEW *vs.* WILLIAM DURFEE & another.

Bristol.    Oct. 28, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ.,
absent.

A. and B. owned a building erected on land of C.  A. took, in his own name, a written lease of the land from C.  The lease expired, the occupation continued, the rent was increased, and A. continued to pay the rent as he had done previously, by giving his promissory notes therefor.  A., becoming unable to pay his debts in full, compromised with C. by paying a certain sum on the dollar, and received a discharge.  A. then sought, in an action against B., to recover B.'s share of the full amount of the rent due at the time of the compromise. *Held*, that B. was liable only for his share of the reduced sum paid by A. to C.

If a case is submitted to the Superior Court or to this court on agreed facts, inferences of fact cannot be drawn by the court, unless, as matter of law, they are necessary inferences.

FIELD, J.    This seems to be an action at law on an account annexed against two defendants jointly, who are tenants in common with the plaintiff of a building. The defendants, if liable at all, are liable severally, each for his share. This case is submitted upon agreed facts, in which no objection is taken to the joinder of the defendants, and is submitted on a single point relating to a single item of the account; namely, whether the defendants are liable to contribute towards the payment of rent which the plaintiff made to the Pocasset Manufacturing Company, the owner of the land on which the building stood, not in money, but by his notes. These notes were accepted by the

Pocasset Manufacturing Company as payment of the rent; and the plaintiff, becoming unable to pay his debts in full, compromised with that company by paying ten cents on the dollar, and received a discharge. He sues these defendants for their share, not of the ten per cent which he paid in money, but of the full amount of his notes. The plaintiff originally took in his own name a written lease from the company, and under it was sole tenant of the company. The lease expired, the occupation continued as before, the rent was increased, and "the plaintiff continued to pay this rent as he had the rent before." He thus became a tenant at will of the company. It is not agreed that the defendants ever became tenants at will of the company, and it is not a necessary inference from the agreed facts that they ever became such tenants, for they were not tenants under a written lease holding over and paying rent; and it does not appear that any express contract for the occupation was made between them and the company, or that the company received the rent from the plaintiff as paid on the account of the defendants as well as himself. It does not even appear that the company knew that the defendants were part owners of the building. When an action at law is submitted upon agreed facts either to the Superior Court or to this court, only questions of law are submitted, and neither court can draw inferences of fact from the facts agreed, unless, as matter of law, they are necessary inferences. It must be taken, therefore, that the plaintiff was sole tenant at will of the company, and alone liable to the company for the rent. In giving his notes, the plaintiff therefore paid only his own debt, although it was a debt which he had incurred by the authority of the defendants, and for the benefit of the defendants as well as himself. The defendants were therefore not relieved of any liability to the company by the company's taking the plaintiff's notes; and the giving of the notes becomes an immaterial fact in the case.

As it was the sole indebtedness to the company which the plaintiff settled by paying ten cents on the dollar, we think he can only recover of the defendants their share of what he paid. He was agent of the defendants, as well as acting for himself, when he incurred the debt; and the benefits of the settlement, in taking an account between the parties, belong to them as well

as to him. The plaintiff can only recover for money paid to the use of the defendants.

The cases, therefore, are not in point, in which it has been held that, if a surety, after his liability has become absolute, gives his own notes in payment and discharge of the original obligation of himself and his principal, he can at once maintain an action against the principal, or any other person who has agreed to indemnify him, with the same effect as if he had discharged the obligation in money, and that it is immaterial whether he is able to pay his own note or not, if the transaction was *bona fide*. *Cornwall* v. *Gould*, 4 Pick. 444. *Doolittle* v. *Dwight*, 2 Met. 561. *Washburn* v. *Pond*, 2 Allen, 474. *Day* v. *Stickney*, 14 Allen, 255.

We have not considered what the rule would be, in such a case as this, either at law or in equity, if it had appeared that the defendants jointly with the plaintiff were originally liable to the company for the debt which was paid by the plaintiff's notes.

By the terms of the agreed statement of facts, there must be judgment for the plaintiff for $200.13, with interest from the date of the writ to the entry of the judgment.        *So ordered.*

*J. C. Blaisdell*, for the defendant Durfee.

*J. M. Morton*, for the plaintiff.