Max Marx, Appellant, *v.* Charles Brogan, Respondent.

1. Submission of a Controversy — Code of Civ. Pro. § 1279 — Jurisdiction of Courts. Where a controversy, submitted upon an agreed statement of facts under section 1279 of the Code of Civil Procedure, presents a pure question of law, the Supreme Court has power to decide it, and the Court of Appeals may review its decision; but if the question of law cannot be decided without first disposing of conflicting or equivocal inferences of fact, the Supreme Court is without jurisdiction, and a judgment entered upon such a decision must be reversed and the proceeding dismissed.

2. Real Property — Question of Fact Cannot Be Determined in a Submitted Controversy. Where the facts stated in a controversy submitted to determine whether a building about to be erected is of such a character that its erection will constitute a violation of a covenant, designed to prevent the erection of a tenement house upon lands owned by the parties to the proceeding, are merely descriptive and purely evidentiary in their nature, so that, before a court can determine whether the proposed building would be in contravention of the terms of the covenant, it must first be decided whether the building as thus described is an apartment house within the legal definition of that term, the fundamental question involved is not a question of law, but essentially a question of fact which should be adjudicated in an action. The Supreme Court has no jurisdiction, therefore, to decide the question, and a judgment entered upon its decision of the controversy must be reversed and the proceeding dismissed, without prejudice to an action.

*Marx* v. *Brogan,* 111 App. Div. 480, reversed.

(Argued April 18, 1907; decided May 21, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 22, 1906, in favor of defendant, upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Charles Straus* for appellant.

*Henry W. Hayden* and *Albert J. Shaw* for respondent.

WERNER, J. This appeal comes to this court from a judgment entered upon a decision of the Appellate Division rendered after the hearing of a submitted controversy under section 1279, Code of Civil Procedure. The question decided by that court, which we are asked to review, is whether a building which the defendant proposes to build upon a parcel of land owned by him and located in 148th street, New York city, is of such a character that its erection will constitute a violation of a covenant designed to prevent the erection of a tenement house upon lands owned by the respective parties. The fate of this appeal depends wholly upon the nature of the issue embraced in the controversy submitted to the learned Appellate Division. If the submitted case presented a pure question of law, the Supreme Court had power to decide it and we are charged with the duty of reviewing the correctness of that decision; but if the question of law could not be decided without first disposing of conflicting or equivo cal inferences of fact, the court below was without jurisdiction, the judgment herein must be reversed and the proceeding dismissed.

The submission of controversies for judicial decision without litigation is of statutory birth. It seems to have had its origin in this state in the report of the commissioners appointed to revise our practice and procedure under the Constitution of 1846. That report contained a section which the legislature adopted as part of the Code of Procedure of 1848 in which it was first designated as section 325, and later as section 372. It is now section 1279 of the Code of Civil Procedure.

The portion of the present section which is material to the controversy at bar is substantially identical with the original enactment. It provides that, "The parties to a question in difference, which might be the subject of an action, being of full age, may agree upon a case, containing a statement of the facts; upon which the controversy depends; and may present a written submission thereof to a court of record, which would have jurisdiction of an action, brought for the same

cause." In reporting the original section as one of the amendments to our procedure the commissioners said : " This provision, it is believed, will be useful in many cases where a question as to a legal right exists between fair and honorable men, there being no dispute about the facts."

The language of the statute, supplemented by the sentence quoted from the report of the commissioners, leaves no doubt as to the nature and scope of the proceeding described in the statute. It was not intended to embrace issues where any dispute of fact was involved, but was to be confined to causes depending wholly upon questions of law. That is the plain and unmistakable import of the words used in the statute. That was clearly the understanding of the commissioners who reported this amendment to our law of procedure, and that has been the view entertained by our courts since it has been a part of the two Codes referred to. (*Neilson* v. *Com. Mut. Ins. Co.*, 3 Duer, 455; *Clark* v. *Wise*, 46 N. Y. 612; *Fearing* v. *Irwin*, 55 id. 486.) It seems obvious, therefore, that whenever it clearly appears that a submitted controversy necessarily involves the duty of drawing inferences from inconclusive, equivocal or evidentiary facts before a legal conclusion can be formed, it follows as a logical sequence that the issue is one which must be presented and decided in an action, and not in this statutory proceeding. This view is strongly reinforced by the decisions of other states where our statute has served as a model. While it cannot be said that these foreign decisions are absolutely uniform as to the jurisdictional powers of the courts in such proceedings, it may safely be affirmed that under statutes like ours there has been no substantial deviation from the view that the courts have no power to draw inferences of fact as distinguished from inferences of law. (*Goodrich* v. *City of Detroit*, 12 Mich. 279; *Powers* v. *Provident Institute for Savings*, 122 Mass. 443; *Pray* v. *Burbank*, 11 N. H. 290; *Burr* v. *Des Moines R. R. & N. Co.*, 1 Wall. 99, 102; 1 Ency. Pl. & Pr. 393; *Mayhew* v. *Durfee*, 138 Mass. 584; *Hysinger* v. *Baltzell*, 3 Gill & J. 159; *Vansant* v. *Roberts*, 3 Md. 119; *Sawyer* v. *Corse*, 17 Gratt. [Va.]

28

230.) In Massachusetts and Maryland, under statutes which in their essential features are identical with our own, and in cases directly involving the question, the courts have laid down what we regard as the correct rule. In *Mayhew* v. *Durfee* (*supra*) the Supreme Judicial Court of Massachusetts states it as follows : " When an action at law is submitted upon agreed facts either to the Superior Court or to this court, only questions of law are submitted, and neither court can draw inferences of fact from the facts agreed, unless, as matter of law, they are necessary inferences." In Maryland, in the case of *Hysinger* v. *Baltzall* (*supra*), the rule is stated to be that the court can " make no inferences unless they be of law or are such as are clear, undeniable deductions from the statements agreed on. It is competent for the jury to draw inferences from testimony submitted to them, but that power is not extended to the court when required to act on a case stated where nothing can be supplied by implication."

In the light of the history of our statute and the decisions which bear upon its scope and meaning, a short review of the facts submitted in the controversy at bar will disclose that they are not of such a conclusive character as to obviate or exclude the necessity of drawing inferences of fact essential to a complete determination of the controversy. On the contrary, the facts submitted are purely evidentiary in their nature, leaving the essential, decisive or ultimate fact to be decided by the court. As will be seen by reference to the record, the facts agreed upon are merely descriptive. They disclose the dimensions of the building which the defendant desires to erect ; its external appearance ; its internal arrangements ; the materials of which it is to be composed, and the estimated cost of the whole, with the rentals expected to be realized. Before a court can determine whether the proposed building would be in contravention of the terms of the covenant against the erection of a tenement house, it must first be decided whether this building as thus described is an apartment house within the definition of that term recently approved by this court in *Kitching* v. *Brown* (180 N. Y.

414).  It needs no argument to show that there may be cases in which the description of a building proposed to be erected so clearly fixes and discloses its real character that its status can be decided as a matter of law.  On the other hand, it is equally plain that there may be other cases in which a description, although involving no dispute of the evidentiary facts submitted may give rise to conflicting or equivocal inferences as to other facts which must be decided before the real character of the structure can be determined.  The case at bar affords a fair illustration of the latter class.  The drawing which shows the facade of the building; the plans setting forth its internal arrangement; the description of the materials of which it is to be constructed; the statement of the estimated cost of the whole, and of the rents expected to be derived therefrom, are all calculated to raise the question whether this building is to be a cheap apartment house or a superior tenement house.  The decision of this question depends upon a practical knowledge of the present housing conditions in New York city and of the essential differences which distinguish one class of structures from another.  This question cannot be decided merely by reference to the name which the intending builder gives the proposed structure, but must be determined in view of its real character as disclosed by its cost, the precise character of its construction, the quality of the materials used, its location, the scale of rentals to be charged and the class of tenants by whom it is to be occupied.  If, in a doubtful case, these elements can be determined as questions of law, then the mere arbitrary characterization by the courts of a described structure may place it in one category or the other without regard to its real character and in disregard of the relation which it may bear to well-defined classes of buildings or to the locality in which it is placed.  The mere statement of the proposition seems to us sufficient to indicate that what is fundamentally involved in this case is not a question of law at all, but essentially a question of fact.

It is suggested that this decision will tend to discourage the laudable efforts of disputants to submit their differences for

decision without the expense and delay incident to litigation. We do not think so. It is farthest from our intention or desire to impair in the slightest degree the usefulness of this summary manner of settling legal disputes. It seems thus far to have afforded to parties an inexpensive and expeditious method of securing the judgments of the courts without the delay and circumstance inseparable from regular actions and has amply vindicated the wisdom of the commissioners upon whose report it was inaugurated. We are promulgating no new rule of law as to this proceeding, but are simply following the authorities which define its scope and its limitations as clearly indicated in the statute. When the ultimate as well as the evidentiary facts upon which a legal conclusion depends are all agreed upon and properly submitted, a case falls within the purview of section 1279 of the Code of Civil Procedure. But when the facts agreed upon and submitted give rise to other inferences of fact which may be conflicting; then resort must be had to an action for the adjudication of the matters in difference.

We think there is nothing in the foregoing views which conflicts with our decision in *Kitching* v. *Brown* (180 N. Y. 414). That was an action tried before the court without a jury and all questions of fact were disposed of before it reached the Appellate Division. The effect of the decision of the trial court in that case was to determine that the building over which the controversy arose was an apartment house, and not a tenement house. As there was evidence to sustain the finding of fact there made, its affirmance by the Appellate Division, although by a divided court, settled that question in this court. The legal question which this court decided in that case was that a covenant against the erection of a tenement house was not intended to prohibit the building of an apartment house as that designation is now defined and understood.

The judgment appealed from should be reversed and the proceeding dismissed, without prejudice to any action, without costs to either party.

HAIGHT, J. (dissenting). I am unable to concur in the
conclusion reached by my associates. To my mind it seri-
ously impairs one of the most valuable remedies given by the
Code, that of permitting parties to submit their controversies
upon facts agreed upon. If the facts in this case are not
such as can be submitted to the court for its determination of
the rights of the parties, I apprehend that the legal pro-
fession in the future will find it difficult to determine the
facts and cases that may be submitted.

The rule, as I understand it, is that the facts agreed upon
should be such that conflicting inferences of fact may not be
drawn therefrom, and that they should be sufficiently or so
fully stated as to enable the court to award judgment thereon.

The defendant is the owner of a tract of land on One Hun-
dred and Forty-eighth street in the city of New York, upon
which there is a covenant against the erection of a tenement
house. He has planned to erect thereon a building which he
claims to be an apartment house. The plaintiff seeks to
enjoin him from the construction of the building, upon the
ground that the building would be a tenement house, and,
therefore, prohibited by the covenant. The only question,
therefore, in controversy is as to whether the proposed struc-
ture would constitute a tenement or an apartment house. For
the purpose of having this controversy determined, they have
agreed upon all of the facts pertaining to the proposed struc-
ture, together with the character of the buildings existing
upon that block and of the surrounding territory. The build-
ing is to be one hundred feet in width at its front on 148th
street, eighty-seven feet in width in the rear, and eighty-one
feet in depth. It is to be six stories high, constructed of
brick and stone, with tile floors for the main hall, marble
wainscoting, divided into apartments which contain a private
hall, parlor, dining room, kitchen, bedroom, servants' room,
private bathroom and closet; each apartment to be finished
with hard wood, heated by steam, equipped for lighting by
electricity and gas, provided with hot and cold water, open-
work plumbing, gas ranges for cooking, a dumbwaiter and a

long distance telephone.   The building is to have an electric elevator, is to cost one hundred and twenty-five thousand dollars, and the apartments are expected to rent for about eleven dollars per room per month, making from fifty-five to sixty-six dollars per month for an apartment; detailed plans of the proposed building are given, and also an architect's picture of the front elevation as the building will appear when completed.   Other details of the work are embraced in the statement of facts which need not now be stated.   It is not suggested that any essential fact has been omitted from the agreement, or that could be proved upon a trial that would further aid the court in determining the question upon which the parties differ.   It is contended, however, that all of the facts submitted are purely evidentiary in their nature, leaving the essential, decisive or ultimate fact as to whether the structure would constitute a tenement or an apartment house undisposed of.   If they had been able to agree upon that question, there would have been no controversy to submit to the court. If a person goes to a grocery store and buys a quantity of tea for two dollars, sugar for three dollars, and flour for five dollars, I presume the three purchases would be evidentiary facts upon the question as to the amount that would be owing the groceryman.   But with the items of the three purchases agreed upon, I apprehend no court would hesitate about ordering judgment for the amount due.

In the case of *Kitching* v. *Brown* (180 N. Y. 414) we have recently defined tenement houses and apartment houses, showing the distinction between the two classes of structures. The question at issue between the parties has to be determined from the character of the proposed structure, the material used, its cost, appearance, its appointments and uses, all of which are covered by the facts agreed upon and from which the court is asked to determine from those facts whether the proposed structure is brought within the definition constituting that of an apartment or a tenement house.   This, I think, is a conclusion of law drawn from the facts agreed upon. Suppose the plaintiff had brought an action to enjoin the

defendant from constructing the building, and in his complaint had set forth the identical facts agreed upon from which he claimed that the structure would constitute a tenement house, and that the defendant had demurred thereto, contending that upon the facts stated the structure would be an apartment house and that, therefore, the complaint did not state a cause of action. Could it then be contended that a question of law would not be presented for the determination of the court? Again, suppose the action had been brought to trial, and thereupon, by stipulation of the parties, the facts as here agreed upon had been read as the evidence in the case, would there have been any question to submit to the jury? I think not.

It is further contended that the facts agreed upon are not only merely evidentiary, but that they are also such that conflicting inferences of fact may be drawn therefrom. If so, my associates are correct in the conclusion which they have reached. But what conflicting inference is there that can be drawn from these facts? My attention has been called to none. Stone is stone, marble marble, and brick brick. I am not aware that any conflicting inference can be drawn from the fact that the building is to be constructed out of these materials, nor am I able to discover any of the other facts stated which are open to change or modification by inferences of fact which may be drawn therefrom. This is not a case involving the intent of a person which may only be determined from inferences drawn from his acts, conduct and expression. It is a case in which the submission consists of the facts stated, which mean what they state and nothing more, which to my mind are not subject to change by conflicting inferences.

I, therefore, am of the opinion that the question submitted ought to be determined upon its merits.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT and HISCOCK, JJ., concur with WERNER, J.; HAIGHT, J., reads dissenting opinion.

Judgment reversed, etc.