THEODORE DREISER, Plaintiff, *v.* JOHN LANE COMPANY, Defendant.

First Department, July 11, 1918.

Submission of controversy — issue as to whether publication is immoral or obscene — when issue between author and publisher will not be determined by court — practice — court will not determine questions of fact on submission of controversy.

Where a contract between an author and a publisher guaranteed that the author's manuscript contained nothing scandalous or immoral and after the publication of the work an incorporated society for the suppression of vice and authorized to make arrests for violation of the laws against obscene literature notified the publisher that it would prosecute criminally if the sale of the book were continued, the Supreme Court on a submission of the controversy upon an agreed statement of facts will not determine whether the publication is immoral or obscene, that being a question not of law but of fact.

On a submission of a controversy the court is confined to the facts agreed upon and will not find other facts by inference.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Joseph S. Auerbach* of counsel [*John B. Stanchfield* and *Martin A. Schenck* with him on the brief; *Stanchfield & Levy,* attorneys], for the plaintiff.

*John J. Kirby* of counsel [*John Delahunty,* attorney], for the defendant.

CLARKE, P. J.:

The plaintiff is the author of a book entitled " The Genius." The defendant is a domestic corporation engaged in the business

of selling, advertising and publishing books and periodicals. On the 30th day of July, 1914, plaintiff and defendant entered into a contract for the sale, advertisement and publication of said book under which plaintiff guaranteed to the defendant that it contained nothing of a scandalous, immoral or libelous nature. The defendant agreed to publish and sell said book and pay the plaintiff twenty per cent of the retail price on all copies sold in the United States and England. The defendant commenced the sale, advertisement and publication and up to July 28, 1916, sold approximately 8,000 copies thereof. On or about said date the New York Society for the Suppression of Vice, incorporated by a special act of the New York Legislature, and which, under section 1147 of the Penal Law, is given the power to make arrests for violations of the laws against obscene literature, notified the defendant that it claimed that the sale, advertisement and publication of the said book violated the laws of the State against obscene literature and threatened to prosecute the defendant criminally if further sale thereof were not discontinued. Thereupon the defendant withdrew the said book from the market and discontinued its publication and refuses to sell, advertise or publish the same unless and until it be judicially determined that it is not a violation of the said law to do so. The submission contains the following paragraphs:

12. The plaintiff claims that the said book is not scandalous, immoral, libelous or obscene and does not tend to corrupt the morals, and that its sale, advertisement and publication are not a violation of the said laws; and the plaintiff claims that the defendant's action as aforesaid is in breach of the said contract. The defendant concedes that its action as aforesaid is not justified but is in violation of the said contract if the sale, advertisement or publication of the said book does not violate the said laws.

13. The parties agree that this court shall render such judgment as shall be proper on the foregoing facts, and the parties stipulate that if it shall be determined that the sale, advertisement or publication of the said book is a violation of the said laws, in that event the defendant's action is justified under said contract, and judgment shall be against the plaintiff; that if the sale, advertisement or publication of the said book

is not a violation of the said laws, in that event the defendant's action is not justified, but is in breach of said contract, and that a decree may be entered enjoining the defendant from further violation of said contract, and granting the plaintiff such other and further relief as may be just.

It is apparent that what the author and the publisher of the book in question desire is an expression by this court of its opinion as to whether the book violates the law against obscene literature.

In *People* v. *Muller* (32 Hun, 209) Mr. Justice DANIELS said: " And as the statute has given this general definition of the character of the acts constituting the offense, it must necessarily have been designed that the drawing, picture, photograph or writing, should be exhibited to and observed by the jury for them to determine as a matter of fact, in the exercise of their good sense and judgment, whether or not they were obscene and indecent. That was considered the proper course to be pursued in *Regina* v. *Hicklin* (L. R. 3 Q. B. 360). * * * It was approved in the Circuit Court of the United States in the case of the *United States* v. *Bennett*, in an elaborate opinion delivered by Mr. Justice BLATCHFORD, and it seems to be the only mode in which the charge made in the indictment could be properly tried, or the law itself vindicated or carried into effect. The question in all these cases must be, what is the impression produced upon the mind by perusing or observing the writing or picture referred to in the indictment, and one person is as competent to determine that as another."

This was affirmed in 96 New York, 408, where in sustaining the rejection of expert evidence upon the subject the court said: " It was properly rejected for the reason that the issue was not whether in the opinion of witnesses, or of a class of people, the photographs were indecent or obscene, but whether they were so in fact, and upon this issue witnesses could neither be permitted to give their own opinions, or to state the aggregate opinion of a particular class or part of the community. To permit such evidence would put the witness in the place of the jury, and the latter would have no function to discharge."

In *United States* v. *Bennett* (16 Blatchf. 338), in reviewing a conviction upon an indictment for depositing an obscene

book in the mails, the United States Circuit Court (BLATCH-FORD, BENEDICT and CHOATE, JJ.), BLATCHFORD, J., writing, said (p. 351): " We are unable to recognize the force of the suggestion, that the defendant, in the case of an indictment for depositing an obscene book in the mail, is entitled to take the opinion of the Court by demurrer as to whether the matter alleged to be obscene is obscene."

It seems, therefore, to have been settled authoritatively that whether a publication is obscene or not is a question of fact.

In *Doyle* v. *Olson Realty Co.* (132 App. Div. 200) this court said: " The court is confined to the facts agreed upon and can make no inferences or in any way depart from or go beyond the statement presented. * * * The court will not decide questions in which parties not before the court are interested, the effect of which would be to foreclose their rights without a hearing, even though it might lead to the settlement of a particular controversy," and dismissed the proceeding.

In *Werner* v. *Wheeler* (142 App. Div. 358) this court said: " If we were permitted to draw inferences from facts stated on a submission, I think it would be a reasonable inference that title was taken by the attorney in fact for the reason that the entire amount due on the mortgage could not be obtained on the foreclosure sale and that, therefore, the deed became a substitute for the mortgage; but a submission is only authorized for the decision of questions of law, and on a submission the court is confined to the facts stated and is not permitted to find other facts by inference."

In *Muller* v. *Kling* (149 App. Div. 176) we said: " Our difficulty is not lessened by the circumstance that the case is submitted upon an agreed statement of facts, for, if conflicting inferences are permissible, we may not choose between them, but must confine our decision to the facts stated."

In *Marx* v. *Brogan* (188 N. Y. 431) the Court of Appeals reversed the decision of this court upon the submission of a controversy, saying: " If the submitted case presented a pure question of law, the Supreme Court had power to decide it and we are charged with the duty of reviewing the correctness of that decision; but if the question of law could not be decided without first disposing of conflicting or equivocal inferences of

fact, the court below was without jurisdiction, the judgment herein must be reversed and the proceeding dismissed."

After giving a history of the statute governing the submission of controversies the court said: "The language of the statute, supplemented by the sentence quoted from the report of the commissioners, leaves no doubt as to the nature and scope of the proceeding described in the statute. It was not intended to embrace issues where any dispute of fact was involved, but was to be confined to causes depending wholly upon questions of law. That is the plain and unmistakable import of the words used in the statute. That was clearly the understanding of the commissioners who reported this amendment to our law of procedure, and that has been the view entertained by our courts since it has been a part of the two Codes referred to. [*Neilson* v. *Commercial Mutual Ins. Co.*, 3 Duer, 455; *Clark* v. *Wise*, 46 N. Y. 612; *Fearing* v. *Irwin*, 55 id. 486.] It seems obvious, therefore, that whenever it clearly appears that a submitted controversy necessarily involves the duty of drawing inferences from inconclusive, equivocal or evidentiary facts before a legal conclusion can be formed, it follows as a logical sequence that the issue is one which must be presented and decided in an action, and not in this statutory proceeding."

In *Bradley* v. *Crane* (201 N. Y. 14) the court said: "We have not jurisdiction in reviewing the decision of an Appellate Division upon a submitted controversy to draw inferences of fact from the facts within the stipulated case. (*Marx* v. *Brogan*, 188 N. Y. 431.)"

In *New York Tel. Co.* v. *Siegel-Cooper Co.* (202 N. Y. 502) the court said: "Any presumption there may be upon the subject is not one of law but of fact and upon the submission of a controversy without action the court can draw no inference of fact even from the facts as stipulated."

In *Cerf* v. *Diener* (210 N. Y. 156) the Court of Appeals reversed the judgment of this court entered upon a submission, saying: "While it is possible that the trial court as a matter of discretion and fact would be entitled to find on the facts set forth in this statement that it was so probable that Tighe was dead that the proffered title would be regarded as marketable and the purchaser compelled to accept it, we

think that this is a proposition concerning which different inferences may be drawn and that it cannot be said as matter of law that the title is thus marketable. * * * If it be thus true that the facts set forth in the agreed statement were simply evidentiary and left it to be determined as a question of fact and as a matter of judgment whether the defendant ought to be compelled to accept the title, then a case was not presented for disposition by the Appellate Division within the provisions relating to the submission of controversies."

And in *Matter of Resolution State Industrial Commission* (224 N. Y. 13) Judge CARDOZO, writing the unanimous opinion of the Court of Appeals, said: " The function of the courts is to determine controversies between litigants * * *. They do not give advisory opinions. The giving of such opinions is not the exercise of the judicial function."

We are, therefore, of the opinion as the submission does not present a proper question for determination it should be and hereby is dismissed.

LAUGHLIN, SMITH, PAGE and SHEARN, JJ., concurred.

Submission of controversy dismissed. Order to be settled on notice.