RAYMOND D. HALSEY, Respondent, *v*. THE NEW YORK SOCIETY FOR THE SUPPRESSION OF VICE, Appellant.

First Department, March 5, 1920.

Malicious prosecution — trial — decision reserved on motion to dismiss at close of plaintiff's case — failure to take exception — probable cause as question of fact or law — charge that there was no probable cause erroneous — evidence — prosecution for selling indecent book — error to refuse to permit jury to see book or have extracts read.

The failure of the defendant, in an action for malicious prosecution, to take an exception as to the court's reserving decision on a motion to dismiss the complaint, at the close of the plaintiff's case, on the ground that the plaintiff had not shown want of probable cause, cannot be considered as an admission on the part of the defendant that the whole question of probable cause was one for the court to determine.

In an action for malicious prosecution the existence of probable cause is a question for the court where there is no conflict in the evidence; otherwise the jury should be instructed as to what facts, if found, will establish a want of probable cause, and it is for them to say, where different inferences may be drawn from the evidence, whether those facts exist.

It was error for the court to charge, as a matter of law, that there was no probable cause for the prosecution of the plaintiff on a complaint charging him with violating section 1141 of the Penal Law in that he sold a book which was obscene, indecent, etc., for it was for the jury to say whether the book was indecent or was such as to justify the defendant's agent, acting as a prudent and discreet man, in honestly believing its sale was forbidden by law.

The question was not whether the plaintiff was guilty of a crime, but whether from all the circumstances the defendant was justified in believing the plaintiff was guilty of a crime in offering the book for sale.

It was error for the court to refuse to permit the book to be shown to the jury or extracts read to them.

DOWLING and PAGE, JJ., dissent, with opinion.

APPEAL by the defendant, The New York Society for the Suppression of Vice, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of April, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on the 29th day of April, 1919, denying defendant's motion for a new trial made upon the minutes.

*William C. Beecher*, for the appellant.

*Edwin F. Valentine* of counsel [*Sherwood O. Chichester* with him on the brief; *Valentine & Chichester*, attorneys], for the respondent.

PHILBIN, J.:

The plaintiff was arrested upon a complaint made by an agent of the defendant charging a violation of section 1141 of the Penal Law, in that he sold to said agent a book which was, in the language of the statute, obscene, lewd, lascivious, filthy indecent and disgusting.   The plaintiff was tried and acquitted in the Court of Special Sessions and has brought this action for malicious prosecution.

Plaintiff claimed the book was well recognized as a standard literary work which had been on the market for a number of years, sold by many of the leading booksellers throughout the country; that it was not indecent or obscene and that its sale violated no law.

At the close of the plaintiff's case the defendant made a

motion to dismiss the complaint on the ground that plaintiff had not shown want of probable cause, and the court reserved decision, stating that it appeared to him that the whole question of probable cause would be for him to determine. The defendant's counsel said: " Certainly, as far as the book is concerned, and when I come to show the other evidence, if there is no dispute as to that, that will be a question for you, too." The court said it would hear the defense.

There was no exception taken to the court's reserving decision.

At the close of the entire case the motion to dismiss the complaint was renewed upon the same grounds and upon its being denied exception was duly taken. I do not think the omission to take an exception as to the court's reserving decision on the first motion to dismiss the complaint can be considered as equivalent to an admission that the whole question of probable cause was one for the court to determine. There was no decision and the defendant was, therefore, not called upon to take an exception.

The court advisedly refrained from deciding until the defendant's proof was submitted, for it might then appear that there was no dispute of fact nor as to the inferences to be drawn therefrom, in which event the question of probable cause would properly be one for the court to determine. The court correctly denied the second motion to dismiss the complaint, for there was a question of fact to be determined by the jury, but it did not then rule that as to whether there was probable cause was for it to decide, and that view was only definitely taken by the court when the charge was made.

The court instructed the jury that there was no probable cause for the prosecution, upon the ground that in this community the book was considered a standard literary work and upon the further ground that its sale did not violate section 1141' of the Penal Law. To this ruling defendant excepted. Application made by counsel for defendant during the trial to read extracts from the book and to submit the book to the jury was denied and exception taken.

The court charged the jury as a matter of law that there was no probable cause for the prosecution of the plaintiff by the defendant. Defendant excepted.

We think this was error, since there was a question of fact for the jury to determine. Probable cause is always a question of law for the court where there is no conflict in the evidence, otherwise by instructing the jury as to what facts, if found, will establish a want of probable cause. (*Burt* v. *Smith*, 181 N. Y. 1.) Where different inferences and conclusions may be drawn from the evidence, the question is one for the jury. Whether the facts are proved or not belongs to the jury to decide, or, in other words, whether the circumstances alleged are true is a question of fact; but if true, whether they amount to probable cause is for the court. (*Heyne* v. *Blair*, 62 N. Y. 19; *Dann* v. *Wormser*, 38 App. Div. 460; *Bulkeley* v. *Keteltas*, 6 N. Y. 384, 387; *Ball* v. *Rawles*, 93 Cal. 222, 227.) In the case at bar it is not a question of whether the plaintiff was guilty of a crime, but whether from all the circumstances defendant was justified in believing plaintiff was guilty of a crime in offering the book for sale. (*Anderson* v. *How*, 116 N. Y. 336; *Carl* v. *Ayers*, 53 id. 14.) It was for the jury to say after an examination of the book itself which contention should be sustained; the plaintiff's, that the book was not indecent and that there was no reasonable ground to believe it transgressed the law; or that of the defendant, that the book was such as to justify defendant's agent, acting as a prudent and discreet man, in honestly believing its sale was forbidden by law. It follows that the refusal of the court to permit the book to be shown or extracts read to the jury was, likewise, error.

As has already been said, whether the book was of such a nature as to make its sale a violation of the Penal Law is not before us for decision.

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide event.

CLARKE, P. J., and SMITH, J., concur; DOWLING and PAGE, JJ., dissent.

CLARKE, P. J. (concurring):

I concur. In *Dreiser* v. *Lane Co.* (183 App. Div. 773) this court after reviewing *People* v. *Muller* (32 Hun, 209; affd., 96 N. Y. 408) and *United States* v. *Bennett* (16 Blatchf. 338) said: "It seems, therefore, to have been settled authoritatively

that whether a publication is obscene or not is a question of fact."

While it is true that upon the trial of the plaintiff for the sale of the book complained of he was acquitted, and, therefore, that question of fact must have been decided in his favor, yet the question still remains whether the defendant had probable cause for prosecution, and, under the facts in this case, whether or not there was probable cause depended upon the character of the book in question. As in the original prosecution, that was a question of fact which had to be determined by the jury and could not be disposed of by the court as a matter of law, nor upon the opinions of expert or other witnesses, but by an inspection of the book itself. The refusal to allow it to be submitted to the jury and the direction by the court that there was no probable cause constitute error which requires a reversal of the judgment and a new trial.

DOWLING, J. (dissenting):

I should concur in the opinion of the presiding justice were it not that both parties agreed upon the trial that whether or not this book was a lewd and lascivious one was a question of law to be determined by the court and not a question of fact to be settled by the jury. At the close of the plaintiff's case the counsel for defendant said: " Mr. Beecher: As outlined in the opening, there are really two grounds of defense, both of which suggest probable cause, and the one is the conduct of the defendant by his agent and information he received from the committing Magistrate, and that would not be proper now because the evidence taken of Magistrate Sims was taken as a part of our case and not a part of the plaintiff's case, so that I will have to reserve that if necessary, until later, but on the other aspect of the case there being no dispute of fact in regard to this book, as to the sale of it by the plaintiff who was the defendant in the criminal action, we raise a question of law for the Court on that one question and around that, as a matter of law, the publication was one which was suggestive of lewdness and lasciviousness, and one which a fair-minded man could fairly and reasonably believe was lascivious and a lewd book, and it is wholly immaterial whether the plaintiff was actually guilty whether as a matter of fact a jury would say that it was

lewd and lascivious, or a fair-minded man might fairly believe
it was, then it was or would be justification for the prosecution
which was instituted by this defendant, and upon that ground
at this stage of the case I move to dismiss the complaint.
They have not shown that the absence of probable cause as
defined by the Court. The Court: I will reserve decision.
It appears to me that the whole question of probable cause will
be for me to determine. Mr. Beecher: Certainly, as far as the
book is concerned, and when I come to show the other evidence,
if there is no dispute as to that, that will be a question for you,
too. The Court: I will hear the defense."

Not only was there no exception to the trial court's passing on
the character of the book as a matter of law, but the suggestion
that such issue should be so disposed of came from defendant's
counsel. No request was made by defendant to have the jury
pass on the book. The book had been offered in evidence by
defendant as an exhibit in the case. Nothing occurred in
reference to it until the address of defendant's counsel to the
jury, as follows: " (During Mr. Beecher's summation to the
jury the following occurred): Mr. Beecher: May I state now
to the jury that counsel proposed to read a brief extract from
the book in question as being knowledge contained in the mind
of the plaintiff, that is the complaining witness, under which he
acted and as showing that he was acting under an honest belief
and not from malice — and your Honor directs me not to read?
The Court: Yes, not to read. Mr. Beecher: To which I
take an exception. Does your Honor hold that the book can-
not be submitted to the jury? The Court: It may not be.
Mr. Beecher: May I take an exception to your Honor's
ruling? The Court: Yes."

In the first place, I think it was improper to allow the attor-
ney to select such quotations as he desired to read, which may
never have been in the mind of the complaining witness, Sum-
ner, when he made the charge against plaintiff. The most he
could have testified to under any conditions was what he hon-
estly believed were indecent or lascivious passages, or the general
character of the book, when he made the complaint. What
counsel might think were indecent passages, selected months
or years afterwards, was quite immaterial. In the second place,
counsel for defendant had already agreed that the court should

pass upon the character of the book as a question of law.    He did not ask the court to decide the question then, nor ask that the jury be allowed to decide the character of the book.    In fact the court only decided its character when charging the jury.

I believe, therefore, that the exceptions present no reversible error, and that the judgment should be affirmed.

PAGE, J., concurs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.